UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
FLORA GILLESPIE, et. al.          :
                                  : Case No: 16-cv-09390 (GHW)
            Plaintiffs,           :
                                  : **DECLARATION OF ROBIN**
    -against-                     : **SUAREZ IN SUPPORT OF**
                                  : **DEFENDANTS' MOTION FOR**
ST. REGIS NEW YORK RESIDENCE CLUB, INC., : **SUMMARY JUDGMENT**
et. al.,                          :
                                  :
            Defendants.           :
------------------------------------- x

Robin Suarez, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am a Vice President of St. Regis Residence Club, New York, Inc. ("Sponsor") and a Vice President and Associate General Counsel at Marriott Vacations Worldwide Corporation ("MVWC"), prior to which I held the same position at Vistana Signature Experiences, Inc. ("VSE") and at Vistana Vacation Ownership, Inc. (formerly known as Starwood Vacation Ownership, Inc.) ("VVO") (together with VSE, "Vistana").[1]

2. I submit this declaration in support of Defendants' motion for summary judgment. Unless otherwise noted, I make this declaration based upon my own personal knowledge, as well as my professional experience described herein.

3. Prior to my time at Vistana, from 1990 through April 2000, I was employed by the Department of Business and Professional Regulation in the State of Florida. During the last five years of my employment at the Department of Business and Professional Regulation, I was division counsel and then acting division director within the Division of Condominiums and

---

[1] MVWC (and formerly VVO) is an indirect parent of Sponsor.

Timeshares (formerly known as the Division of Florida Land Sales, Condominiums, and Mobile Homes). As part of my regular job responsibilities in that role, I reviewed and approved hundreds of public offering statements for new timeshare developments each year.

4. As a regular part of my job responsibilities at Vistana, I focus on property registrations, government relations, and legislative affairs. In that role, I was responsible for the preparation, drafting, and registration of the Fractional Offering Plan (the "Plan") for the Fifth and Fifty-Fifth Residence Club (the "Club"), along with the amendments thereto.

5. The Plan is a disclosure document subject to New York's Martin Act and its regulations promulgated by the New York State Attorney General's Office. I understand that the Plan and its amendments are available to the public, upon request, from the New York State Attorney General's Office.

6. In connection with that work, Sponsor engaged outside counsel, Allan Starr, Esq., to assist with the preparation, drafting, and registration of the Plan and its amendments.

7. On February 17, 2006, the Plan was accepted for filing by the New York State Attorney General. A true and correct copy of the Plan is attached hereto as Exhibit 1.

8. Sponsor has filed various amendments to the Plan, as identified below. I am responsible for the preparation of those amendments, and I reviewed each of them in the regular course of my job. I am also responsible for coordinating the filing of them with the Attorney General's office.

9. Attached hereto as Exhibit 2 is a true and correct copy of the First Amendment to the Plan, which was filed with the New York State Attorney General's office on or about April 12, 2006.

10. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of the Second Amendment to the Plan, which was filed with the New York State Attorney General's office on or about May 18, 2006.

11. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of the Third Amendment to the Plan, which was filed with the New York State Attorney General's office on or about January 3, 2007.

12. Attached hereto as <u>Exhibit 5</u> is a true and correct copy of the Fourth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about April 19, 2007.

13. Attached hereto as <u>Exhibit 6</u> is a true and correct copy of the Fifth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about May 8, 2007.

14. Attached hereto as <u>Exhibit 7</u> is a true and correct copy of the Sixth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about October 1, 2007.

15. Attached hereto as <u>Exhibit 8</u> is a true and correct copy of the Seventh Amendment to the Plan, which was filed with the New York State Attorney General's office on or about December 11, 2007.

16. Attached hereto as <u>Exhibit 9</u> is a true and correct copy of the Eighth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about April 16, 2008.

17. Attached hereto as <u>Exhibit 10</u> is a true and correct copy of the Ninth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about September 16, 2008.

18. Attached hereto as <u>Exhibit 11</u> is a true and correct copy of the Tenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about March 3, 2009.

19. Attached hereto as <u>Exhibit 12</u> is a true and correct copy of the Eleventh Amendment to the Plan, which was filed with the New York State Attorney General's office on or about August 27, 2009.

20. Attached hereto as <u>Exhibit 13</u> is a true and correct copy of the Twelfth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about January 22, 2010.

21. Attached hereto as <u>Exhibit 14</u> is a true and correct copy of the Thirteenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about July 6, 2010.

22. Attached hereto as <u>Exhibit 15</u> is a true and correct copy of the Fourteenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about May 25, 2011.

23. Attached hereto as <u>Exhibit 16</u> is a true and correct copy of the Fifteenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about October 5, 2011.

17. Attached hereto as <u>Exhibit 10</u> is a true and correct copy of the Ninth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about September 16, 2008.

18. Attached hereto as <u>Exhibit 11</u> is a true and correct copy of the Tenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about March 3, 2009.

19. Attached hereto as <u>Exhibit 12</u> is a true and correct copy of the Eleventh Amendment to the Plan, which was filed with the New York State Attorney General's office on or about August 27, 2009.

20. Attached hereto as <u>Exhibit 13</u> is a true and correct copy of the Twelfth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about January 22, 2010.

21. Attached hereto as <u>Exhibit 14</u> is a true and correct copy of the Thirteenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about July 6, 2010.

22. Attached hereto as <u>Exhibit 15</u> is a true and correct copy of the Fourteenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about May 25, 2011.

23. Attached hereto as <u>Exhibit 16</u> is a true and correct copy of the Fifteenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about October 5, 2011.

24. Attached hereto as <u>Exhibit 17</u> is a true and correct copy of the Sixteenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about February 27, 2012.

25. Attached hereto as <u>Exhibit 18</u> is a true and correct copy of the Seventeenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about July 18, 2012.

26. Attached hereto as <u>Exhibit 19</u> is a true and correct copy of the Eighteenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about December 11, 2012.

27. Attached hereto as <u>Exhibit 20</u> is a true and correct copy of the Nineteenth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about April 15, 2013.

28. Attached hereto as <u>Exhibit 21</u> is a true and correct copy of the Twentieth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about October 11, 2013.

29. Attached hereto as <u>Exhibit 22</u> is a true and correct copy of the Twenty-First Amendment to the Plan, which was filed with the New York State Attorney General's office on or about March 27, 2014.

30. Attached hereto as <u>Exhibit 23</u> is a true and correct copy of the Twenty-Second Amendment to the Plan, which was filed with the New York State Attorney General's office on or about September 10, 2014.

31. Attached hereto as <u>Exhibit 24</u> is a true and correct copy of the Twenty-Third Amendment to the Plan, which was filed with the New York State Attorney General's office on or about February 12, 2015.

32. Attached hereto as <u>Exhibit 25</u> is a true and correct copy of the Twenty-Fourth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about September 16, 2015.

33. Attached hereto as <u>Exhibit 26</u> is a true and correct copy of the Twenty-Fifth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about November 15, 2016.

34. Attached hereto as <u>Exhibit 27</u> is a true and correct copy of the Twenty-Sixth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about May 10, 2017.

35. Attached hereto as <u>Exhibit 28</u> is a true and correct copy of the Twenty-Seventh Amendment to the Plan, which was filed with the New York State Attorney General's office on or about October 24, 2017.

36. Attached hereto as <u>Exhibit 29</u> is a true and correct copy of the Twenty-Eighth Amendment to the Plan, which was filed with the New York State Attorney General's office on or about February 28, 2018.

37. Sponsor continues to this day to keep the Plan current by filing amendments, the most recent of which was filed with the New York State Attorney General's office on or about December 20, 2019.[2]

---

[2] Although filed on December 20, 2019, as of the date of this Declaration, it is still in "pending review" status with the New York State Attorney General's office.

38. By filing regular amendments to the Plan, Sponsor keeps the Club's registration with the New York State Attorney General current and makes Interests available for sale.

39. I understand that the majority of the Plaintiffs in this action, who closed escrow over 10 years ago, seek contractual rescission of their respective purchase of a fractional interest at the Club pursuant to the following provision (the "Rescission Clause") of the Plan and contend that they are currently "Purchasers" under the Plan:

> Sponsor reserves the right, from time to time prior to the First Closing of a Club Interest, without obtaining the consent of Purchasers or others, to substantially revise the terms and conditions upon which the Club Interests are to be sold, including changes affecting the rights, obligations and liabilities of Sponsor, the Purchasers and/or prospective Purchasers under the Offering Plan. However, Sponsor may not unilaterally cancel a Purchase Agreement which is in effect, except as therein provided, as in the case of an uncured default, nor unilaterally change the purchase price or payment terms contained in such Purchase Agreement. All substantive or material revisions will be contained in a duly filed amendment to the Offering Plan. If there is a substantial amendment to the Offering Plan that materially and adversely affects Purchasers, except as otherwise provided herein, Purchasers will have a right of rescission for a period of fifteen (15) days from the Presentation Date of such amendment to them. Sponsor will promptly return any Deposit to Purchasers who rescind....

(Ex. 1, Plan, at 103.)

40. In my almost 30 years of combined experience working for the State of Florida, as well as at Vistana, I am not aware of a contractual rescission right in an offering statement or offering plan like the Rescission Clause ever being available post-closing in the vacation ownership industry.

41. At no time did I convey to anyone working under me or to outside counsel, Allan Starr, Esq., any instruction that the Plan should in any way deviate from the material requirements of the Martin Act and its regulations.

7

42. Specifically, no one responsible for preparing or drafting the Plan was directed to provide parties executing a Purchase Agreement with a post-closing ability to rescind their purchases on terms like those set forth in the Rescission Clause.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 9, 2020
      Orlando, Florida

                                                          ROBIN SUAREZ